# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GUADALUPE CENICEROS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-10-607-W |
| | ) | |
| JANE STANDIFIRD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to an order entered by United States District Judge Lee R. West, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A motion to dismiss the petition has been filed, to which Petitioner has responded. Thus, the matter is at issue and ready for disposition. For the following reasons, it is recommended that the petition be dismissed for Petitioner's failure to exhaust his available state court remedies.

## I. BACKGROUND

Petitioner is an Oklahoma inmate who was at all times relevant to the issues herein housed at the Lawton Community Corrections Center in Lawton, Oklahoma.[1] Petition, 3.[2]

---

[1]Petitioner is currently housed at the John H. Lilley Correctional Center in Boley, Oklahoma. Petition, 1.

[2]The pages of the petition are not numbered, so the page numbers cited are arrived at by simply counting the pages.

By this action, Petitioner attacks a prison disciplinary conviction for menacing, a Class X misconduct offense. Petition, 2. The administrative materials show that an offense report was completed on November 19, 2008, charging Petitioner for menacing in connection with a threat allegedly made against a member of the general public. Motion to Dismiss, Ex. 2, p. 1. The reporting officer's incident report shows that he received a telephone call on November 18, 2008, from two individuals "describing threatening phone calls initiated" by Petitioner. Id. at 3. The reporting officer and a Spanish speaking correctional officer who was assigned to Petitioner's correctional facility met with the male complainant that same day. Id. The male victim allowed correctional officer Escobedo to listen to the recorded message, and the officer immediately identified the caller as Petitioner and verified that the message was threatening to do harm to the victim the next time Petitioner saw him. Id. The female witness told the officers that Petitioner's brother was meeting him at his job site and allowing him to use his cell phone. Id. Petitioner was convicted of the misconduct offense on November 25, 2008, and as punishment received 30 days in disciplinary segregation, the loss of 365 earned credits, and a demotion to classification level one for 90 days. Motion to Dismiss, Ex. 2, p. 7. Petitioner appealed to the facility head, who affirmed the conviction. Motion to Dismiss, Ex. 3, p. 1-3. Petitioner then filed an appeal with the administrative review authority. Id. at 3. On December 1, 2008, the administrative review authority affirmed the conviction. Id. at 4-5. Petitioner then filed an appeal with the Director of the Oklahoma Department of Corrections, but the disciplinary decision was upheld. Id. at 6-8.

By this action, Petitioner claims that he was denied due process in several respects.

He claims that the Oklahoma Department of Corrections (ODOC) failed to provide him with a copy of the recording as provided by ODOC policy. Petition, 2, 5. He also claims that ODOC failed to consider the evidence provided to the investigator. Id. Petitioner argued at his hearing that he was not at work on the date of the offense, but was documented to be laid in that day. Id. at 4. He also notes that his brother provided a written statement that he had never visited Petitioner's work site and did not own a cell phone. Id. He also claims he was never allowed to present a document from the female witness, who allegedly recanted her story. Id.

## II. DISCUSSION

Respondent has moved to dismiss the petition on two grounds: failure to exhaust state court remedies and untimeliness. Motion to Dismiss, 3. In response, Petitioner alleges that his petition was untimely because he was not aware his due process rights had been violated until he was transferred to a minimum security facility and another inmate assisted him by making ODOC policies available to him which require an inmate to be presented with electronic evidence such as the recording. Principle Reply Brief, 1. He suggests that "a state district court [was] presented with the same claims by the Petitioner and had the same outcome." Id. at 2. However, he does not identify the district court case number or provide any documentation that he filed such an action. Moreover, Respondent claims that Petitioner never sought review in state district court or with the Oklahoma Court of Criminal Appeals and Respondent has provided the results of a search of the Oklahoma State Courts Network, which show no action initiated by Petitioner. Motion to Dismiss, Ex. 4. Whether or not

3

Petitioner filed an action challenging his disciplinary conviction in state district court, he apparently does not contest Respondent's claim that he has failed to fully exhaust his state court remedies, as he states: "Further presenting this argument before another state court would be futile, where the arguments of the agencies and opposing counsel would not alter the facts that they had previously argued." Principle Reply Brief, 2.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); see Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford, 548 U.S. at 90. "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203.

Petitioner has not shown that he has exhausted available remedies concerning his

4

habeas claim. Oklahoma affords a statutory remedy for due process challenges to "prison disciplinary proceedings that result in the revocation of earned credits." Okla. Stat. tit. 57, § 564.1 (A) (effective May 10, 2005). Under this statute, an inmate has 90 days after notification of a final DOC administrative decision in the inmate's disciplinary appeal to seek judicial review of the decision in state district court. Okla. Stat. tit. 57, § 564.1. The state court is authorized by the statute to review the disciplinary decision for procedural violations and to consider whether the evidence was sufficient to support the finding of guilt. Id. This statute provides Oklahoma inmates with an available state remedy for their challenges to institutional disciplinary proceedings, "including whether the inmate was provided an opportunity to present relevant documentary evidence or call witnesses, and whether any evidence existed in the record to support the finding of guilt," and this remedy must be exhausted prior to seeking habeas relief in federal court. Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007). Although Petitioner seeks to excuse his failure to exhaust on grounds of futility, Petitioner does not demonstrate that exhaustion of Oklahoma's judicial remedies would have been futile. His prediction that the result would be the same on an appeal does not render complete pursuit of his state court remedy futile. See Price v. Simmons, No. 05-3328-SAC, 2006 WL 334672, *1 (D. Kan. Feb. 14, 2006), denying certificate of appealability, Price v. Simmons, No. 06-3083, 196 Fed. Appx. 696 (10th Cir. Sept 20, 2006).

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that Respondent's Motion to Dismiss [Doc. No. 7] be granted, and Petitioner's petition for a writ of habeas corpus be

dismissed without prejudice for his failure to exhaust available state court remedies.. Petitioner is advised of the right to object to this Report and Recommendation by October 11, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72, by filing objections with the Clerk of Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

    **ENTERED THIS 20th day of September, 2010.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE