IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED OCT 27 2010

ROBERT D DENNIS CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

GUADALUPE CENICEROS, )
)
Petitioner, )
)
vs. ) No. CIV-10-607-W
)
JANE STANDIFIRD, Warden, )
)
Respondent. )

## ORDER

On September 20, 2010, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss Petition for Writ of Habeas Corpus filed by respondent Jane Standifird, Warden, be granted and that the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Guadalupe Ceniceros pursuant to title 28, section 2241 of the United States Code be dismissed for failure to exhaust available state court remedies. Ceniceros was advised of his right to object to the Report and Recommendation, and the matter now comes before the Court on Ceniceros' Objections to Magistrate Ruling. See Doc. 12.

Upon de novo review of the record, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter. The exhaustion of available state remedies is a prerequisite for section 2241 habeas relief. E.g., Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010)(citation omitted). To satisfy this requirement, a petitioner must complete all phases of the administrative and judicial process. E.g., id. at 1204 (citation omitted). "A narrow exception to the exhaustion requirement," id. at 1203, has however been

recognized, and to fall within this exception, "a petitioner . . . [must] demonstrate that exhaustion is futile." Id. (citations omitted).

While Ceniceros was incarcerated at Lawton Community Corrections Center in Lawton, Oklahoma, a misconduct report was prepared on November 19, 2008, charging him with menacing in connection with a threat allegedly made against a member of the general public. An investigation was conducted, and Ceniceros was convicted of the offense. As punishment, Ceniceros received thirty (30) days in disciplinary segregation, the loss of 365 earned credits and a demotion to classification level one (1) for ninety (90) days.

Ceniceros unsuccessfully appealed his conviction both to the facility head and the administrative review authority. He then filed an appeal with the Director of the Oklahoma Department of Corrections ("ODOC"), who concurred with the decision of the facility head.

In addition to these administrative remedies, Oklahoma affords a statutory remedy to prisoners who challenge "prison disciplinary proceedings that result in the revocation of earned credits." 57 O.S. § 564.1(A). Under section 564.1(A)(1), a prisoner must seek judicial review of the ODOC's final administrative decision in the state district court by filing a Petition for Judicial Review ninety (90) days after notification of the ODOC's decision.

Ceniceros has argued that after exhausting his administrative remedies, he sought judicial review of the ODOC's final administrative decision by filing a Petition for Judicial Review on May 31, 2009, in the District Court for Oklahoma County, Oklahoma, and that "the state court system let[ ] him down by not upholding [its] . . . end of the legal agreement." Doc. 12, at 2. There has been, however, no showing before this Court that

2

such a document was ever filed or that complete pursuit of available state court remedies should be excused because such pursuit would have been futile.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 11] issued on September 20, 2010;

(2) GRANTS Standifird's Motion to Dismiss Petition for Writ of Habeas Corpus [Doc. 7] filed on July 23, 2010; and

(3) DISMISSES without prejudice Ceniceros' Petition for failure to exhaust available state court remedies.

ENTERED this 27th day of October, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE